IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PETER NORWOOD POPHAM, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:09-CV-1477-BBM |
| THE COBB COUNTY, GEORGIA GOVERNMENT, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the court on two Motions for a More Definite Statement, the first filed by Defendants the Honorable Watson White, Cobb County Superior Court Senior Judge; the Honorable Mary Staley, Cobb County Superior Court Judge; the Honorable Juanita Stedman, sitting by designation as a Cobb County Superior Court Judge; the Honorable Conley Ingram, Cobb County Superior Court Senior Judge; and Thurbert Baker, Attorney General of the State of Georgia,[1] [Doc. No. 7], and the second filed by Defendants Cobb County, Georgia; Lew Alder; Neil Warren; Jay Stephenson; Steve Fox; the City of Kennesaw; Leonard Church; Mark Mathews,

---

[1] Attorney General Baker filed this Motion although he was not named in the caption of the Complaint, nor does he appear on the court's docket, because he is named in the body of the Complaint and says that he was provided with a copy of the lawsuit.

Fred Bentley, Jr.; Nancy Ingram Jordan; and Coleen Hosack [Doc. No. 8] (collectively "Defendants").

I. **Background**

Plaintiff Peter Norwood Popham ("Mr. Popham") filed his 145 page Complaint on June 3, 2009. In his Complaint he alleges that for the past 30 years he has been the victim of a vast conspiracy to deprive him of his civil rights by the Defendants. (Compl. ¶ 24.) The Complaint contains well over a hundred pages of factual allegations before listing its eleven counts.

Each count begins by stating that "Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of his complaint as if fully set forth here." (Compl. ¶¶ 161, 163, 165, 167, 169, 171, 173, 175, 177, 179, 181.) Each count fails to clearly delineate which Defendant, among the many, against whom it asserts a claim. Additionally, specific allegations of conduct for each Defendant are not clearly tied to each count.

The two Motions for a More Definite Statement describe Mr. Popham's Complaint as a "shotgun" pleading filled with factual allegations not material to any cause of action, and written in such a way that it is impossible to discern which factual allegations are intended to support which claims for relief. Based on this,

Defendants argue that they have not been provided sufficient notice of the claims against them, making it difficult to file a responsive pleading.

These Defendants therefore seek a more definite statement that makes clear: (1) which defendants are alleged to have violated which of Mr. Popham's rights; (2) the specific facts that each Defendant is alleged to have performed which allegedly violated each of the Plaintiff's enumerated rights; and (3) as to each separate legal theory, both state and federal, which Defendant against whom the claim is asserted.

Mr. Popham, for his part, claims that his Complaint fully complies with the Federal Rules of Civil Procedure.

## II. Legal Standard

Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

So-called "shotgun" pleadings are typically the subject of a Rule 12(e) Motion. See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). Mr. Popham's Complaint is a quintessential shotgun pleading. It

"contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Additionally, shotgun pleadings do not make clear what facts are alleged as to which defendant or what legal theory or authority is the basis for liability against each defendant. Shotgun pleadings have been actively condemned in this Circuit, and each of these Motions for a More Definite Statement is GRANTED. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . .").

Mr. Popham is hereby ORDERED to restate his Complaint so as to set forth a short and plain statement of each claim showing that he is entitled to relief. See Fed. R. Civ. P. 8(a). He must clearly specify: (1) which cause or causes of action are asserted against each Defendant; (2) what factual allegations form the basis of each claim against each Defendant; and (3) each legal theory upon which he asserts liability against each Defendant. Mr. Popham is ORDERED to file his Restated Complaint no later than August 25, 2009.

**III.    Summary**

For the foregoing reasons, the Motions for a More Definite Statement [Doc. Nos. 7, 8] are GRANTED. Mr. Popham is ORDERED to file his Restated Complaint on or before August 25, 2009.

IT IS SO ORDERED, this 5th day of August, 2009.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE